People v Louis (2025 NY Slip Op 06663)

People v Louis

2025 NY Slip Op 06663

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Rosado, Hagler, JJ. 

Ind No. 2923/17|Appeal No. 5253|Case No. 2023-06318|

[*1]The People of the State of New York, Respondent,
v
Robert Louis, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec Miran of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kevin Arturo Peterson of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about November 2, 2023, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
There is no basis for this Court to exercise its independent discretion to grant defendant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's conduct while incarcerated, participation in educational and vocational training, family support system, and criminal history were adequately accounted for by the risk assessment instrument or not shown to reduce defendant's particular risk of reoffense (see People v Butts, 238 AD3d 520, 521 [1st Dept 2025]; People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]; People v Sadagheh, 214 AD3d 566 [1st Dept 2023], lv denied 40 NY3d 902 [2023]). Defendant's routine participation in sex offender treatment and substance abuse treatment was not so exceptional that a downward departure to risk level one is warranted (see People v Tugwell, 210 AD3d 507, 507-508 [1st Dept 2022], lv denied 39 NY3d 911 [2023]; People v Alcantara, 154 AD3d 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018]). In any event, to the extent that any of the alleged mitigating factors were not adequately accounted for by the risk assessment instrument, they were outweighed by the egregious nature of the underlying offense, which involved the repeated sexual abuse of a young child over approximately five years (see People v Perez, 226 AD3d 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025